**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUAN CORTEZ WILLIS,

              Petitioner,                    Civil Case No. 16-12485
                                              Criminal Case No. 13-20303
v.                                      Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

              Respondent.

_____/

**ORDER DENYING GOVERNMENT'S**
**MOTION TO STAY § 2255 LITIGATION PENDING THE**
**SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES***

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 26, 2017_____

      PRESENT:    Honorable Gerald E. Rosen
                         United States District Judge

In a judgment entered on July 24, 2014, Petitioner Juan Cortez Willis was sentenced to 49 concurrent 240-month terms of imprisonment and one 60-month term of imprisonment to be served consecutively to the concurrent 240-month sentences, following his guilty plea to one count of conspiracy to possess with intent to distribute a controlled substance and 49 counts of possession with intent to distribute a controlled substance. Through a *pro se* motion filed on June 30, 2016, Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, and he

argues in this initial motion that sentencing relief is warranted in light of the Supreme Court's recent decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015).  In a subsequent September 6, 2016 motion for leave to amend, however, Petitioner disavows any claim for relief under *Johnson,* and instead states that he wishes to pursue a claim based on another recent Supreme Court ruling, *Mathis v. United States,* __ U.S. __, 136 S. Ct. 2243 (2016).

In lieu of responding to Petitioner's initial § 2255 motion and his request for leave to amend this motion, the Government has asked that these § 2255 proceedings be stayed pending the Supreme Court's decision in *Beckles v. United States,* No. 15-8544, *cert. granted,* 136 S. Ct. 2510 (2016).[1]  Yet, while *Beckles* will potentially resolve certain issues left open by the decision in *Johnson,* Petitioner has explicitly abandoned any claim arising from this ruling, and instead has stated that he is seeking relief under *Mathis.*  It follows that a ruling in *Beckles* will not assist the Court in resolving Petitioner's challenge to his sentence, and that it would serve no purpose to await this decision before acting upon Petitioner's amended § 2255 motion.[2]

---

[1]*Beckles* was argued on November 28, 2016, and a ruling could be issued at any time between now and the end of the Supreme Court's term in June of this year.

[2]The Court expresses no view, of course, as to the merits of Petitioner's appeal to *Mathis* as a basis for awarding him relief under § 2255.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's

September 6, 2016 motion for leave to amend his motion under § 2255 to vacate

his sentence (docket #167) is GRANTED, and that Petitioner's September 19,

2016 emergency motion for leave to supplement his initial § 2255 petition (docket

#168) is DENIED AS MOOT.  IT IS FURTHER ORDERED that the

Government's September 29, 2016 motion to stay this § 2255 litigation pending

the Supreme Court's decision in *Beckles v. United States* (docket #169) is

DENIED.

In light of these rulings, IT IS FURTHER ORDERED that the Government

shall file and serve a response to Petitioner's § 2255 motion, as amended, on or

before **February 24, 2017.**

s/Gerald E. Rosen
United States District Judge

Dated:  January 26, 2017

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on January 26, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135