# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

              Plaintiff,         Case No. 13-cr-20303-2

v.                               Judith E. Levy
                                    United States District Judge

Juan Cortez Willis,

                                    Mag. Judge David R. Grand

              Defendant.

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) [232]

      Before the Court is Defendant Juan Cortez Willis' motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 232.) Defendant asks that the Court "reduce his sentence to time served so that he may begin his three-year term of supervised release." (ECF No. 239, PageID.1871; *see* ECF No. 232, PageID.1799.) "Alternatively, he asks the Court to reduce his sentence to 202 months." (ECF No. 239, PageID.1885; *see id.* at PageID.1884.) For the reasons set

forth below, Defendant's motion (ECF No. 232) is DENIED WITHOUT PREJUDICE.[1]

## I. Background

Defendant is currently incarcerated at Federal Correctional Institution (FCI) Miami in Miami, Florida. On April 8, 2014, Defendant pled guilty, without a Rule 11 plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); and to forty-nine counts of possession with intent to distribute controlled substances, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2–50). (*See* ECF Nos. 66, 121.)

The Probation Department, in the Presentence Investigation Report (PSR), calculated a guideline imprisonment range of 360 months to life based on a total offense level of 39 and a criminal history category of VI. (PSR ¶ 82.) The PSR stated that because "none of the Counts of conviction carry a Life statutory penalty, the guideline range becomes 360 months to 12,000 months." (*Id.*)

---

[1] The Court apologizes for the delay in resolving the motion.

On July 22, 2014, the Honorable Gerald E. Rosen sentenced Defendant to a total of 300 months' imprisonment as follows: (1) 240 months' imprisonment on Counts 1–49 to run concurrently and (2) 60 months' imprisonment on Count 50 to run consecutive to the sentence imposed on Counts 1–49. (ECF No. 121, PageID.398.) Judge Rosen also sentenced Defendant to a term of supervised release—upon release from imprisonment—of 3 years on each count to run concurrently. (*Id.* at PageID.399.) Judge Rosen determined that the applicable guideline imprisonment range was 360 to 12,000 months based on a total offense level of 39 and a criminal history category of VI. The 300-month sentence was below the bottom of the guideline range. On February 1, 2017, the case was reassigned from Judge Rosen to the undersigned.

On June 4, 2021, the Clerk's Office received Defendant's *pro se* motion for a reduction in his sentence under § 3582(c)(1)(A)(i). (ECF No. 232.) On June 17, 2021, the Court appointed counsel for Defendant. (ECF No. 233.) The Court subsequently ordered supplemental and responsive briefing. (ECF No. 237.) Defense counsel filed a supplemental brief in support of the motion on August 23, 2021. (ECF No. 239.) The government responded on September 3, 2021. (ECF No. 241.) With the

3

assistance of counsel, Defendant filed a reply on September 10, 2021. (ECF No. 243.) Defendant later filed a notice of a supplemental exhibit (ECF No. 244) and several notices of supplemental authority. (ECF Nos. 245, 247, 263, 265.)

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for modification of a sentence or compassionate release may be filed by the Director of the Bureau of Prisons (BOP) or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate-release motions, courts in the Sixth Circuit apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980

4

F.3d at 1101). Third, the court must "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines

5

Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5).

### III. Analysis

#### A. Exhaustion

Defendant argues that he satisfied the exhaustion requirement under § 3582(c)(1)(A). (ECF No. 232, PageID.1780–1781, 1802–1807; ECF No. 239, PageID.1873.) He indicates that "[t]he Warden of FCI Miami denied [his] request for a reduced sentence on or about March 31, 2021." (ECF No. 239, PageID.1873 (citing ECF No. 232, PageID.1802–1807).) Defendant states that he "requested home confinement based on 'non medical circumstances' and 'in accordance with 18 U.S.C. § 3582([c])(1)(A) "extraordinary and compelling reasons," which include "exception[al] circumstances."'" (*Id.* at PageID.1873 n.1 (quoting ECF No. 232, PageID.1806).) Defendant believes that his citation to "the sentence reduction statute" is sufficient for exhaustion. (*Id.*) But "should the Court deem otherwise, defense counsel requested compassionate release on [Defendant's] behalf on Tuesday, August 17, 2021." (*Id.*; *see* ECF No. 239-3.)

The government argues that Defendant did not properly exhaust his administrative process before filing his motion. The government argues that Defendant did not comply with § 3582(c)(1)(A)'s exhaustion

7

requirement—despite citing the compassionate-release statute—because he asked for "home confinement" without providing a reason for a sentence reduction and a release plan. (ECF No. 241, PageID.1967; *see id.* (citing 28 C.F.R. § 571.61).) In addition, the government asserts that defense counsel "only recently submitted a request for compassionate release on August 17, 2021." (*Id.*)

"Courts in this District are split on whether failure to include all the factual bases in the administrative request can satisfy § 3582(c)(1)(A)'s exhaustion requirement." *United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577, at *4 (E.D. Mich. Jan. 11, 2022). "Ultimately, this Court need not decide whether § 3582(c)(1)(A) requires issue-specific exhaustion. Even assuming that [Defendant] fully complied with the mandatory exhaustion requirement, his motion for compassionate release fails on the merits, as discussed below." *Id.* at *5 (quoting *United States v. Sykes*, No. 03-80028, 2021 WL 5629977, at *3 (E.D. Mich. Dec. 1, 2021)); *see United States v. Jackson*, No. 16-20460-7, 2021 WL 2217509, at *3 (E.D. Mich. June 2, 2021) (finding it unnecessary to decide whether issue-specific exhaustion is required because "[e]ven

8

assuming that [the defendant] has complied with the exhaustion requirement as to all his claims, each claim fails on the merits").

## B. Extraordinary and Compelling Reasons

Defendant argues that the following extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)(i): (1) "Sentencing Guideline Considerations," (2) "the harsh conditions of confinement during the pandemic," (3) "his impressive rehabilitation," and (4) the totality of his extraordinary and compelling circumstances. (ECF No. 239, PageID.1871, 1873–1881.) However, Defendant's motion must be denied because he does not show that extraordinary and compelling circumstances exist.

In arguing that "Sentencing Guideline Considerations" provide grounds for release, Defendant "relies on the fact that if he were sentenced today, he would no longer be subjected to the career offender enhancement [due to a non-retroactive change in the law],[2] [and] his base

---

[2] Defendant states that he "was sentenced as a career offender based on his offenses of conviction under the commentary to the Sentencing Guidelines, which the Sixth Circuit holds is now erroneous." (ECF No. 239, PageID.1874–1875.) Defendant states that

> [f]ollowing *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019),

offense level . . . would be lower [due to a retroactive change in the United States Sentencing Guidelines Manual]."³ (*Id.* at PageID.1871, 1874–1878.) In his most recent notice of supplemental authority, Defendant argues that § 1B1.13(b)(6) "provides another basis under which [he] is

---

[his] offenses of conviction—conspiracy to possess and distribute controlled substances and possession with intent to distribute controlled substances, aiding and abetting—no longer qualify as predicate offenses for the career offender sentencing guideline enhancement.

(*Id.* at PageID.1874 (citing *Havis*, 927 F.3d at 386).) The Sixth Circuit "ha[s] repeatedly held that *Havis* doesn't apply retroactively." *United States v. Akridge*, 62 F.4th 258, 265 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc); *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022)).

³ Regarding his base offense level calculation, Defendant states that his

advisory guidelines were calculated based on the 2013 Guidelines Manual. PSR, ¶ 27. For guideline purposes, [Defendant] was held accountable for 307,029 dosage units of Roxicodone, which is the equivalent of more than 30,000 kilograms of marijuana. PSR ¶ 23. At the time, the base offense level for 30,000 kilograms or more of marijuana was 38. [When the supplemental brief in support of Defendant's motion was filed], the base offense level for at least 30,000 kilograms, but less than 90,000 kilograms, of marijuana [wa]s 36. U.S.S.G. § 2D1.1(c)(2).

(ECF No. 239, PageID.1875.) *See* U.S. Sent'g Guidelines Manual §§ 1B1.10(d), 2D1.1(c)(2) (U.S. Sent'g Comm'n 2023); U.S. Sent'g Guidelines Manual supp. app. C, amend. 782 (2014). The change in the base offense level in United States Sentencing Guidelines Manual § 2D1.1(c)(2) that Defendant references is the result of Amendment 782. That amendment is retroactive. U.S. Sent'g Guidelines Manual supp. app. C, amend. 788 (2014).

entitled to relief." (ECF No. 265, PageID.2087.) Defendant states that "[a]t the time [his] motion was filed—June 4, 2021, ECF No. 232—, the Sixth Circuit had made clear that [he] was never a career offender." (ECF No. 265, PageID.2088 (footnote omitted) (citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc)).)

A non-retroactive change in the law may constitute an extraordinary and compelling reason under § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Here, Defendant does not show that § 1B1.13(b)(6) applies. He does not establish that the provision's threshold conditions—receiving an "unusually long sentence" and having served "at least 10 years of the term of imprisonment"—are satisfied. Defendant concedes that he has not yet served ten years of his term of imprisonment (ECF No. 265,

11

PageID.2088), given that he began serving his sentence on October 10, 2014. (ECF No. 239-2, PageID.1890.) And he does not address why his sentence is "unusually long." Thus, Defendant does not show that § 1B1.13(b)(6)'s threshold conditions are met.

Defendant also fails to demonstrate that the relevant "change in the law . . . produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [wa]s filed." U.S.S.G. § 1B1.13(b)(6). Defendant argues in his latest notice of supplemental authority that "[t]he sentence likely to be imposed if he had been sentenced on June 4, 2021, it would [sic] be a gross disparity between that likely sentence and his sentence being served." (ECF No. 265, PageID.2088.)

In a prior submission—his supplemental brief filed on August 23, 2021—Defendant states that "[w]ithout the career offender enhancement and [with] a lower base offense level, if sentenced today," his total offense level would be 37 and his criminal history category would be III, which would result in an advisory guideline range of 262 to 327 months. (ECF No. 239, PageID.1876.) Even if the Court were to adopt Defendant's proposed guideline range of 262 to 327 months, Defendant's sentence of

12

300 months falls within that range. As a result, Defendant does not show that there is a "gross disparity" between his current sentence and the sentence likely to be imposed at the time his motion was filed. *See United States v. Mitchell*, No. 1:12-cr-20332-01, 2024 WL 3673533, at *4 (E.D. Mich. Aug. 6, 2024) (determining that the defendant did "not show[ ] that a 15-year difference is a 'gross disparity'"). The Court thus finds that Defendant fails to demonstrate that § 1B1.13(b)(6) applies. Therefore, the Court may not consider a non-retroactive change in the law as an extraordinary and compelling reason that justifies compassionate release. U.S.S.G. § 1B1.13(b)(6).

Defendant next argues that "[c]onditions at FCI Miami further support a finding of extraordinary and compelling circumstances warranting release." (ECF No. 239, PageID.1878.) But Defendant does not make an initial showing of extraordinary and compelling circumstances. So, the "[c]onditions at FCI Miami" do not provide "further support." In terms of the conditions at that institution, Defendant argues that "[a]s a result of being incarcerated during the pandemic, [he] has experienced significantly harsher punishment than

13

could have been anticipated at the time of sentencing." (*Id.*) He states that he "has been in full or modified lockdown since March 2020." (*Id.*)

Yet Defendant does not cite to cases in which courts have found that the conditions at a facility during the COVID-19 pandemic, including lockdown, constitute an extraordinary and compelling circumstance warranting compassionate release. In fact, courts in this circuit have rejected such arguments made by defendants. *See, e.g.*, *United States v. Trent*, No. 2:17-CR-17-TAV-CRW-1, 2024 WL 3734198, at *7 (E.D. Tenn. Aug. 8, 2024) ("The Court does not find that prison lockdown conditions during the COVID-19 pandemic, which were instituted to protect the health and safety of inmates, constitutes an extraordinary and compelling ground for compassionate release comparable to those listed in § 1B1.13(b)(1)–(4)."); *United States v. Livesay*, No. 3:18-CR-36-TAV-DCP-15, 2023 WL 8101845, at *9 (E.D. Tenn. Nov. 21, 2023) (same); *United States v. Dunlap*, No. 2:18-CR-00017-DCLC-CRW, 2023 WL 4533956, at *4 (E.D. Tenn. July 13, 2023) ("Standing alone, pandemic confinement conditions cannot be considered an 'extraordinary' basis to grant compassionate release . . . because every inmate serving a term of incarceration during this pandemic could make a similar argument."

14

(internal citation and quotation marks omitted)); *United States v. Munsey-Killian*, No. 2:15-CR-00107-DCLC-CRW, 2023 WL 1797902, at *3 (E.D. Tenn. Feb. 7, 2023) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021))); *United States v. Reese*, No. 16-20697, 2022 WL 737501, at *2 (E.D. Mich. Mar. 10, 2022) (denying the defendant's compassionate-release motion in part because he did "not articulate[ ] why living conditions generally applicable to all prisoners at his facility, such as lockdowns and delayed mail, constitute an extraordinary and compelling basis for his release" (internal citations omitted)). Defendant's argument regarding his conditions of confinement therefore do not support his motion for a reduction in sentence.

Because the Court concludes above that Defendant does not present an extraordinary and compelling circumstance, his rehabilitation does not entitle him to relief. Rehabilitation—on its own—is insufficient to establish an extraordinary and compelling basis for compassionate

15

release. The Sentencing Commission's policy statement in § 1B1.13(d) provides:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d); *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) ("Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief" under 18 U.S.C. § 3582(c)(1)(A). (quoting 28 U.S.C. § 994(t))); *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir. May 4, 2023) (concluding that the district court "correctly noted that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for a sentence reduction" (alteration in original) (quoting *Ruffin*, 978 F.3d at 1004)). "Accordingly, while the Court recognizes that [D]efendant has taken some steps to rehabilitate himself, such efforts alone statutorily cannot constitute extraordinary and compelling grounds for release." *Trent*, 2024 WL 3734198, at *6.

Defendant's final argument is that "[e]ven if the Court would not hold that any of [his] circumstances, standing alone, is sufficient to establish extraordinary and compelling reasons, it should consider it in its totality of the circumstances analysis." (ECF No. 239, PageID.1880 (internal citations omitted).) The Court has considered Defendant's proposed extraordinary and compelling grounds for release individually as well as in combination with each other. Under either analysis, Defendant does not provide extraordinary and compelling reasons that justify compassionate release.

Because the Court does not find that there are extraordinary and compelling circumstances, the Court need not address the remaining compassionate-release factors at this time. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (quoting *Elias*, 984 F.3d at 519; citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006)); *United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *6 (6th Cir. Mar. 8, 2024) ("Because [the defendant] failed to show an extraordinary and compelling reason warranting a reduction,

17

the district court and this court need not consider the application of the § 3553(a) factors." (citing *Elias*, 984 F.3d at 519)).

In sum, the requirements for compassionate release under § 3582(c)(1)(A)(i) are not met. Defendant does not show that he is entitled to the relief he seeks. Accordingly, Defendant's motion is denied without prejudice.

### IV. Conclusion

For the reasons set forth above, Defendant's motion for a reduction in his sentence under § 3582(c)(1)(A)(i) (ECF No. 232) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 7, 2024      s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2024.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager